By the Court.
 

 This is an action in mandamus wherein the relator seeks a writ from this court, requiring the probate judge of Wood county to sign and allow what the relator claims to be a true bill of exceptions. The facts out of which the controversy grows are as follows:
 

 On or about the 7th of April, 1924, the relator, Martin Knudson, was arrested on an affidavit for the offense of illegal possession of intoxicating liquor, charged as a second offense. Upon arraignment a plea of not guilty was. entered, and the relator was released on recognizance.
 

 On the 10th of April, the date set for trial, the relator appeared with his counsel, B. F. James, and the record discloses that the following took place:
 

 “Mr. James: In this case the
 
 State of Ohio
 
 v.
 
 Martin Knudson,
 
 your honor, I want to ask leave to withdraw the plea of ‘not guilty,’ for the purpose of filing a ‘motion to quash.’
 

 
 *816
 
 “Court: The motion to quash is overruled. (Exceptions.)
 

 “Mr. James: You will have to grant the leave to withdraw the plea of not guilty.
 

 “Court: That is understood.
 

 “Mr. James: Note our exceptions. I want to except to the ruling of the court in' the overruling of the motion to quash, and to thereupon file a ‘demurrer in behalf of the defendant.’
 

 ‘ ‘ Court: The demurrer is overruled also.
 

 “Mr. James: We except to that also. I would like a separate examination of the witnesses, your honor.
 

 “Court: All right, we will swear them first. (Duly sworn.) Witnesses have to be examined separately, so you will have to step out. Do not go very far.
 

 “Mr. Avery: I ask that Mrs. Knuds on be barred from the court.
 

 “Mr. James: I will say that I do not expect to use her.
 

 “Mr. Avery: That makes no difference. I may want to use her.
 

 “Mr. James: All right. (To Mrs. Knuds on: ‘Go outside, but do not talk to anybody.’)
 

 “Mr. Avery: We have the right to proceed; the plea of ‘not guilty’ having been withdrawn. (Re-entered.) ”
 

 The state, to maintain the issues on its part called as a. witness Irvin J. Reitzel, who, being duly sworn, testified as follows:
 

 “Direct examination by Mr. Avery:
 

 “Q. You may state your name to the court. A. Irvin Reitzel.
 

 
 *817
 
 ‘1Q. What public office do you hold at the present time? A. Sheriff. * * *”
 

 Further testimony was offered upon the part of the state; the relator, by his counsel, taking part in the trial by cross-examination of witnesses, and by making objections and noting exceptions to various questions and answers in the record.
 

 At the conclusion of the testimony, the following appears in the record:
 

 “Mr. Avery: I desire to offer exhibits A, B, C, D, E, F, G-, and H.
 

 “Mr. James: To all of which the defendant severally excepts.
 

 “Court: Overruled. Note exceptions. •
 

 “Mr. Avery: With that the state rests. It is stipulated that a copy of the Exhibit H may be made, the original book from which the copy is made may be returned to the mayor of Walbridge, and that said- copy may be used for the purpose of record in the case.
 

 “Mr. James: Thereupon the defendant by his counsel moves the court for an order waiving all the testimony adduced from its consideration for the reason that it has no jurisdiction in this case, and for the reason that no foundation exists iñ the record thus far had in this cáse upon which to base any evidence or testimony.
 

 “Court: Overruled. Exceptions.
 

 “Mr. James: We further move the court for an order discharging the defendant, and the dismissal of this charge against him.
 

 “Court: Overruled. Exceptions.
 

 “Mr. James: The defendant rests his case.
 

 “Mr. Avery: We have no rebuttal.
 

 
 *818
 
 “Court: The court is satisfied that this man is guilty of possessing liquor, and therefore makes the finding that Martin Khudson, the defendant is found guilty this day of possessing intoxicating liquors as charged in the affidavit.
 

 “Mr. James: Thereupon, and within three days, the defendant files herein- his motion for a new trial.
 

 “Court: Motion for new trial overruled. Exceptions.
 

 “Mr. James: We file a motion in arrest of judgment.
 

 “Court: Motion overruled. Exceptions.
 

 “Court: It is the judgment of the court that the defendant pay a fine of $2,000 and costs.
 

 “Mr. James: We ask the court to suspend execution for a period of 10 days in which to secure leave to file and perfect proceedings in error and a bill of exceptions.
 

 “Court: The defendant will give bond in the sum of $2,500.”
 

 It appears that upon presentation and examination of the bill of exceptions the probate judge changed the word “withdrawn,” and wrote in the word “re-entered” in the sentence “We have the right to proceed, the plea of not guilty having been withdrawn. (Re-entered.)” The record also shows several words changed by the probate judge, concerning which there is no great controversy between the parties; these changes being minor in character and for the purpose of making the context of the bill of exceptions more explicit and obvious. These changes áre: Page 4, line 16, add “known as Exhibit A.” Page 13, line 2, word
 
 *819
 
 “them,” instead of word “that.” Page 13, line 18, word “saw” for word “say.” Page 13, line 21, word “saw” for word “say.” Page 14, line 22, strike out letters “ion” from word “objection.” Page 14, line 28, word “those,” instead of word “them.” Page 15, line 22, word “field,” instead of word “filed.” Page 16, line 2, word “saw,” instead of word “was.” Page 21, line 33, add the figure “1” after word “Exhibit.” Page 28, line 8, add the word “intoxicating” after the word “possessing.”
 

 Further, the bill of exceptions does not appear to have had the various exhibits physically attached thereto. These exhibits are:
 

 “Exhibit A, gallon glass jug containing caramel coloring; Exhibit B, one-half gallon glass bottle; Exhibit C, gallon glass bottle; Exhibit D, gallon glass jug, one-third full of liquid; Exhibit E, gallon glass jug; Exhibit F, one-half gallon glass jug containing some brown liquid; Exhibit G-, tin funnel.”
 

 The paramount questions arise in connection with the words “withdrawn” and “re-entered,” and the Exhibits. This action in mandamus is therefore brought to compel the probate judge to restore the word “withdrawn,” and strike out the word “re-entered,” and further to in fact attach the various exhibits to the bill of exceptions.
 

 The matter, therefore, resolves itself into two questions: First, is the relator entitled to mandamus to compel the probate judge to restore the word “withdrawn,” and, second, to compel him to attach the various exhibits?
 

 
 *820
 
 As to the plea of not guilty the journal entry of the court shows, under date of April 7:
 

 “And for plea thereto says he is not guilty, aud puts himself upon the country, and the prosecuting attorney doth the like.”
 

 Later the record discloses that the plea of “not guilty” was withdrawn for the
 
 purpose
 
 of filing a motion to quash, and also for the purpose of filing a demurrer, both of which were overruled, and exceptions noted. It is not claimed that thereafter the defendant again was arraigned, or in so many words entered the plea of not guilty, but that this matter was understood between court and counsel, and that the journal when made up should show such facts. As appears of record, the journal is as follows:
 

 “This day came Eay D. Avery, prosecuting attorney of Wood county, on behalf of the state of Ohio; also came the defendant, Martin Knudson, with his counsel, B. F. James, and on application of the defendant said defendant, Martin Knudson, was permitted to withdraw his plea of not guilty heretofore entered in this cause.
 

 “Thereupon said defendant, Martin Knudson, filed a motion to quash said affidavit, and the court being fully advised in the premises does overrule said motion to which order the defendant then and there excepted.
 

 “Thereupon said defendant filed a demurrer to said affidavit filed herein, and the court being fully advised in the premises does overrule said demurrer to which order the defendant then and there excepted.
 

 “Thereupon said defendant was rearraigned up
 
 *821
 
 on said affidavit filed herein, and expressly waived the reading of the same, and for plea thereto says he is not guilty, and puts himself upon the country, and the prosecuting attorney doth the like.”
 

 It is to this last portion of the journal entry that the relator and defendant helow objects, and complains that the same does not speak the truth, and asks this writ to compel correction thereof.
 

 How stood the defendant upon the face of this record? He had entered on April 7 a plea to the general issue, to wit,- “not guilty.” He had later, April 10, withdrawn the same for the
 
 express purpose
 
 of filing the demurrer and the motion to quash, and then without further objection proceeded to trial, taking part in the examination of witnesses, objecting to the introduction of certain evidence, and noting exceptions to the admission thereof by the court, and, at the conclusion of all the evidence introduced by the state, made a motion to discharge the defendant, for the reason that there was no jurisdiction, and that no foundation- existed in the record upon which to base any evidence or testimony. He further filed a motion for an order discharging the defendant, and for the dismissal of the charge against him, all of which were overruled.
 

 In so far as the basic question was raised in this record, to wit, that the defendant had not entered a plea of not guilty a second time, we do not think the relator and defendant below was prejudiced by the court’s proceeding to trial without such re-entering of the plea, aside from the question of the claimed understanding between counsel and court.
 

 
 *822
 
 In the case of
 
 Gormley
 
 v.
 
 State,
 
 37 Ohio St., 120, it appears that a plea of not guilty entered on an indictment was subsequently withdrawn, for the purpose of enabling the defendant to plead a former conviction, and such plea not being sustained by the court the defendant was placed on trial without further plea, and convicted. It was held that:
 

 “Such withdrawal of the former plea was not absolute, and, when the plea of former conviction ,was disposed of, it was not error to try the case on such plea of not guilty.”
 

 This case states the rule in Ohio, and in the light thereof we can see no prejudicial error resulting to this relator and defendant below because of the fact that the plea to the general issue was not entered the second time. So that whether the expression “withdrawn” in the journal entry, complained of, was changed to “re-entered” becomes a matter of no importance to the relator; for no prejudicial error appears of which he could avail himself, and his objection to so much of the record which he claims is not a true record becomes immaterial because no prejudicial error could be based thereon, and he is not prejudiced by the fact of such change.
 

 The depositions taken in this case indicate that no claim is made that the defendant the second time arraigned entered a plea of not guilty, but that it was understood that when the record was made up such facts should appear. This is traversed by the relator. In any event, as we view the question thus presented, we do not see how
 
 *823
 
 he is prejudiced under the circumstances as disclosed by this record.
 

 We do not, of course, mean to hold that a trial judge may upon his own volition make such changes in what purports to be a bill of exceptions as are not justified by what in fact took place at the trial. A complaining party has a right to have the record of just what took place at the trial submitted to the reviewing court, and no trial judge should deny that privilege. In fact, the judge should co-operate with counsel to perfect a record that is a true record, in order that the law may be carefully found, and exact justice administered. While there is controversy as to just what was “understood” in the instant case, we think sufficient appears to justify the conclusion that no substantial right of the relator was taken from him by the record as made up by the probate judge.
 

 The second question presented by this proceeding in mandamus is to compel the probate judge physically to attach the various exhibits to the bill of exceptions. Now, it does not appear that these exhibits were presented to the probate judge at the time of submitting the bill of exceptions, and it would seem from the depositions that the same were in the custody of the prosecuting attorney and were to be presented to the reviewing court at the time of the hearing of the case, and that no denial of the right to attach the exhibits in question to the bill of exceptions was ever made to the relator and defendant below. It was
 
 Ms
 
 bill of exceptions that was being prepared, and it was
 
 Ms
 
 duty to see that all matters which
 
 *824
 
 he desired to have certified as a true hill of exceptions were in proper form when the court signed the same. Some request may have been made of the judge, but no tender of the exhibits with the bill of exceptions was made, and in the answer, of the probate judge filed herein it is especially averred that he at all times has been willing to attach such exhibits to the bill of exceptions. This being so, no substantial right of the relator appears to have been invaded, and the bill of exceptions may still be- corrected in this regard if it is deemed the proper subject of correction. The writ of mandamus is never required to compel an officer to do that which he is willing to do.
 

 We are of the opinion that both grounds for which this writ of mandamus is asked are insufficient. The right to the extraordinary writ of mandamus is one which must clearly appear, and we are constrained to the conclusion that the errors which this defendant below, and relator here, seeks to have reviewed by the upper courts are - those that arise upon the motion to quash the affidavit, the demurrer thereto, the admission of testimony, and the weight of the testimony.
 

 In the light of
 
 Gormley
 
 v.
 
 State, supra,
 
 we can conceive of no error which the relator relies upon to reverse this judgment of conviction which he cannot raise upon the bill of exceptions as signed by the probate judge, subject to the correction of the matter of .the exhibits. No substantial right has been invaded by the refusal of the probate judge to make further alteration in the bill of exceptions as signed by him, and, there not ap
 
 *825
 
 pearing a clear right to the issuance by this court of the extraordinary writ of mandamus to compel him to do so, it follows that same must be denied.
 

 Writ denied.
 

 Marshall, C. J., Jones, Day, Allen, and Conn, JJ., concur.