Per Curiam.

Petitioner’s basic contention is that he was never arraigned on the indictment. He had what he terms a preliminary arraignment on November 2, at which time, he contends, he entered a plea of “not guilty with reservations” and filed a motion and a demurrer to the indictment. The journal entry of the court in relation to these proceedings reads as follows:
*93 “Now comes the prosecuting attorney on behalf of the state and defendant Douglas, Odus was brought into court in the custody of the sheriff and on being arraigned upon the said indictment, for plea thereto saith he is not guilty, and puts himself upon the country, and the prosecuting attorney doth the like. Bail is set at $75,000.”
It is, of course, petitioner’s contention that that entry is incorrect, that the plea he entered was “not guilty with reservations,” that, since no such plea exists by the statutes of Ohio, he never entered a plea at all, and that, therefore, the court never acquired jurisdiction over him. Petitioner is correct that no such plea is set forth in the statutes. However, petitioner was arraigned and given an opportunity to plead, and the fact that he chose to enter this nonstatutory special plea did not affect the validity of his arraignment. He pleaded to the indictment, which is the purpose of an arraignment. The court under such circumstances, where such a special nonstatutory plea is entered by the accused, properly enters a plea of not guilty for him. In Richards v. State, 110 Ohio St., 311, the court was faced with such a special plea, and Judge Marshall, at page 313, said:
“The criminal procedure of Ohio does not recognize a special plea of the character which was entered in this case, and it is clearly contemplated by the statutes that the plea must either be that of guilty or not guilty. This special plea must therefore be treated as either the one or the other. If it should be held that the special plea as entered does not admit the material allegations of the indictment, then it should be held to constitute a plea of not guilty.”
Petitioner’s argument in this respect is not well taken.
Petitioner contends, however, that this plea was withdrawn so that the court could pass on his motion and demurrer, and that the court did not acquire jurisdiction because he* was not rearraigned and given an opportunity to plead after the overruling of his demurrer, as provided for by Section 2941.61, Revised Code, which reads as follows:
“After a demurrer to an indictment is overruled, the accused may plead under Section 2943.03 of the Revised Code.”
This section contemplates situations where an accused has not had an opportunity to plead and has entered no plea to the *94 indictment. Such is not the fact in the present case. Petitioner1 did plead, and even if such plea were withdrawn for the purpose of the demurrer it was not an absolute withdrawal, and the court did not err in going to trial without a rearraignment. Gormley v. State, 37 Ohio St., 120; and State, ex rel. Knudson, v. Bistline, Judge, 111 Ohio St., 815.
Petitioner contends further that he demanded a bill of particulars, which demand was refused. Even if such bill of particulars was refused, such a refusal is not cognizable in a habeas corpus proceeding, but must be urged on an appeal. Harris v. Warden, 199 Md., 685.
Petitioner contends that he was deprived of the due process of the law. As was said in Gibbs v. Burke, Warden, 337 U. S., 773, 781, “the due process clause is not susceptible of reduction to a mathematical formula.” The circumstances of each case must be examined, and whether an accused’s constitutional rights have been violated must depend upon the facts of each case. Here we have petitioner with a long criminal record. He was properly indicted, arraigned and given an opportunity to plead to the indictment; he filed his motions and demurrer to the indictment; counsel was appointed to act on his behalf; and he was tried to and found guilty by a jury. From such conviction he has never appealed. Under such circumstances, it does not appear that petitioner was deprived of any of his constitutional rights or of any right which may be urged in habeas corpus.
Petitioner has shown no lack of jurisdiction of the trial court either over his person or over the subject matter of the crime, nor has he shown any deprivation of his constitutional rights.
Petitioner remanded to custody.
Weygandt, C. J., Zimmerman, Taet, Matthias, O’Neill and Griffith, JJ., concur.
Herbert, J., not participating.